[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION #101 MOTION TO DISMISS
By way of a petition for writ of habeas corpus, dated September 27, 1999, petitioner brought this action alleging that his attorney did not properly represent him (habeas petition paragraph 5e) and that there were other "constitutional magnitude errors" (habeas petition paragraph 5h).
There is no indication on the petition that it was made under oath.
On February 27, 2002, the respondent filed a motion to dismiss the petition. The respondent makes such motion pursuant to the provisions of § 23-22 and 23-29 (5) of the Connecticut Practice Book.[1]
On March 28, 2002, the petitioner filed an amended petition.
Section 23-22 of the Connecticut Practice Book concerns habeas corpus petitions. This section provides that:
A petition for a writ of habeas corpus shall be CT Page 4347 under oath and shall state:
 (1) the specific facts upon which each specific claim of illegal confinement is based and the relief requested;
 (2) any previous petitions for the writ of habeas corpus challenging the same confinement and the dispositions taken thereon; and
 (3) whether the legal grounds upon which the petition is based were previously asserted at the criminal trial, on direct appeal or in any previous petition.
Section 23-29 (5) of the Connecticut Practice Book concerns dismissals of habeas corpus actions. This section provides that:
 The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:
(5) any other legally sufficient wound for dismissal of the petition exists.
Upon hearing oral argument and completing its review of the habeas petition in this matter, the court ascertained that the habeas corpus petition in its file was not notarized and does not appear to comply with the provisions of § 23-22 of the Connecticut Practice Book. Specifically, the petition was not made under oath, and the original petition did not contain "specific facts upon which each specific claim or illegal confinement is based."
As previously stated, on March 28, 2002, the petitioner filed an Amended Petition. The Amended Petition appears to cure the issue concerning the omission of specific facts in its Amended Petition that was filed on March 28, 2002. However, it does not address the issue concerning the requirement of Section 23-22 of the Connecticut Practice Book that a habeas petition be filed under oath. This section provides in pertinent part that:
A petition for a writ of habeas corpus shall be under oath . . . (emphasis added)
"The test to be applied in determining whether a CT Page 4348 statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words. . . . Doe v. Statewide Grievance Committee, 240 Conn. 671, 680-81, 694 A.2d 1218 (1997)." (Citation omitted; internal quotation marks omitted.) State v. Pare, 253 Conn. 611, 622-23, ___ A.2d ___ (2000) . . .
 We have noted, however, that the use of the word shall, though significant, does not invariably establish a mandatory duty. . . ."
 State v. Murray, 254 Conn. 472, 489, 490 (2000).
This court comes to the conclusion that the filing of a habeas petition under oath relates to a matter of substance. In the instant action, neither the original petition, nor the amended petition were filed under oath and therefore the petition does not comply with the provisions of § 23-22 of the Connecticut Practice Book. The repondent's motion to dismiss is therefore granted pursuant to the provisions of § 23-29
(5) of the Connecticut Practice Book
Richard A. Robinson, J April 2, 2002